IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RUTH SWOPES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-3304-CV-S-ODS |
| ) | |
| HOUSING AUTHORITY OF THE ) | |
| CITY OF MOUNTAIN GROVE, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

Pending are Defendant's motion to dismiss Count 1 of Plaintiff's Complaint (Doc. # 3), Defendant's motion to strike (Doc. # 10), and Plaintiff's motion to amend her Complaint (Doc. # 11). Plaintiff's motion to amend her Complaint is granted. Defendant's motions are denied as moot.

I. BACKGROUND

Plaintiff, a former employee of Defendant, alleges that Defendant terminated her without cause, without notice, and without a hearing in violation of public policy and in violation of her procedural due process rights. Plaintiff initially filed a state court petition alleging wrongful termination (Count 1) and a 42 U.S.C. § 1983 claim (Count 2). Defendant removed the action to this Court and filed a motion to dismiss Count 1, claiming that its decision to terminate Plaintiff was a governmental action protected by sovereign immunity and that Plaintiff's Complaint was deficient because it failed to allege any facts establishing sovereign immunity did not apply. In response, Plaintiff requested leave to file an Amended Complaint alleging that Defendant waived sovereign immunity by purchasing liability insurance. Defendant countered that an

amendment would be futile and that it was entitled to dismissal of Count 1.

## II.  DISCUSSION

Unless Defendant has waived sovereign immunity, Plaintiff cannot obtain relief on her claim of wrongful termination.  Under Missouri law, a municipality is completely immune from liability arising from its performance of acts classified as governmental functions, unless a specific exception applies or the municipality specifically waives the immunity.  *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 242 (Mo. Ct. App. 2007).  A housing authority constitutes a municipal corporation.  Mo. Rev. Stat. § 99.080.1.  Additionally, the Missouri Supreme Court has held that the termination of an employee by a municipality is a governmental function.  *Kunzie v. City of Olivette*, 184 S.W.3d 570, 574 (Mo. 2006).  The only two exceptions to sovereign immunity relate to a government employee's negligent operation of a motor vehicle and injuries caused by dangerous conditions on governmental property.  Mo. Rev. Stat. § 537.600.1(1)-(2).

Waiver of sovereign immunity can occur if a governmental entity purchases insurance covering the claim being asserted.  Mo. Rev. Stat. § 537.610.1.  This section mandates the waiver of sovereign immunity "only to the maximum amount of and only for the purposes covered by such policy of insurance."  *Id.*  The extent of waiver under Mo. Rev. Stat. § 537.610.1 is "expressly dictated, and limited, by the terms of the insurance policy."  *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008).  Missouri courts construe narrowly any waiver of sovereign immunity under Mo. Rev. Stat. § 537.610.1.

Here, Plaintiff's Complaint fails to allege that Defendant waived sovereign immunity by purchasing insurance coverage, but Plaintiff's proposed Amended Complaint alleges these facts.  Defendant argues it would be futile for Plaintiff to amend her complaint because its insurance policy contains a disclaimer preserving sovereign immunity.  However, at this stage of the pleadings the Court must accept Plaintiff's allegations as true.  These allegations show that Plaintiff's Amended Complaint would not be futile.

2

Leave to amend pleadings should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). It would be unfair to deny Plaintiff the opportunity to amend her Complaint without knowing for sure that Defendant's insurance policy preserves sovereign immunity. Plaintiff is entitled to obtain a copy of the insurance policy through discovery. If the terms of the insurance policy are so clear that a good faith argument for waiver of sovereign immunity is precluded, Plaintiff's obligations under Rule 11(b) will require voluntary dismissal of Count 1. Otherwise, the defense of sovereign immunity can be litigated on summary judgment.

### III. CONCLUSION

Plaintiff's motion to amend her Complaint is granted. Within 10 days from the date of this Order, Plaintiff shall electronically file the Amended Complaint attached to Plaintiff's motion to amend. Defendant's motion to dismiss and motion to strike target Plaintiff's initial Complaint and are denied as moot.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
DATE: December 7, 2009               UNITED STATES DISTRICT COURT